IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **COVINGTON SPECIALTY INSURANCE COMPANY,** § § § | | |
| *Plaintiff*, § § | | |
| VS. § § | CIVIL ACTION NO. _____ | |
| **ELI RODRIGUEZ D/B/A CINCO MMA ELITE** § § § § | | |
| *Defendant*. § | | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Covington Specialty Insurance Company ("Covington") files this Original Complaint for Declaratory Judgment and respectfully shows:

### I.     THE PARTIES

1.     Covington is an insurer organized under the laws of the State of New Hampshire and having its principal place of business in Atlanta, Georgia.  Covington is a citizen of the States of New Hampshire and Georgia.

2.     Defendant Eli Rodriguez d/b/a Cinco MMA Elite is an individual residing in the State of Texas and may be served with process at his residence at 420 South Texas Blvd., Weslaco, Texas 78596.

### II.     JURISDICTION

3.     The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and upon complete diversity of citizenship pursuant to 28 U.S.C. §

1332.  Covington is a citizen of the States of New Hampshire and Georgia.  Defendant Eli Rodriguez d/b/a Cinco MMA Elite ("Defendant") is a citizen of the State of Texas.  This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication. A decision on these issues will directly affect underlying litigation involving Defendant.

### III.   VENUE

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 because Defendant Eli Rodriguez d/b/a Cinco MMA Elite is a resident of the Southern District of Texas and, alternatively, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

### IV. BACKGROUND

5. Covington brings this action for declaratory judgment to determine its rights and obligations under a primary commercial general liability policy issued to Eli Rodriguez d/b/a Cinco MMA Elite.  Eli Rodriguez d/b/a Cinco MMA Elite was sued in the underlying litigation styled *Valerie Valerio v. Eli Rodriguez d/b/a Cinco MMA Elite, Cinco Elite, CPG Management, LLC, and Lidsky Luis Trustee*; Cause No. C-0314-18-H; pending in the 389th Judicial District Court of Hidalgo County, Texas (the "underlying lawsuit").

6. Plaintiff's Original Petition is the most recent pleading on file in the underlying lawsuit.  According to the Petition, on January 28, 2016, Plaintiff was attending a Jiu Jitsu class at Cinco MMA Elite when she allegedly broke her left humerus bone while practicing Jiu Jitsu exercises and drills with another student. Plaintiff claims that the instructor of her Jiu Jitsu class at Cinco MMA Elite "gave brief instructions to the beginners group, but did not give examples,

demonstrate or explain known dangerous [sic] of the moves to be practiced." Plaintiff also claims that the instructor "did not supervise the known dangerous [sic] of the moves to be practiced." Further, she claims that "[she] was not shown examples of the drills and moves, the beginners groups was [sic] not told the dangerous [sic] or what to do in certain situations Plaintiff found herself in, nor was [she] or her group given proper training." Plaintiff further claims that she was required to "engage in a rolling drill" and practice other Jiu Jitsu moves, ostensibly with another student, who Cinco MMA Elite knew to be dangerous.

7. Plaintiff in the underlying lawsuit brings claims for negligence against all Defendants. Plaintiff seeks damages for pain and suffering, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, and medical expenses.

## V. THE POLICIES

8. Covington issued a Commercial General Liability Policy No. VBA403663-00 to Defendant Eli Rodriguez d/b/a Cinco MMA Elite for the policy term 11/4/2015 to 11/4/2016. The policy includes a $1,000,000.00 per occurrence limit and a $2,000,000.00 general aggregate limit. The insuring agreement of the policy provides:

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or suit that may result. . . .
>
> \* \* \*
>
> b. This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

      **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

      **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

  **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

* * *

The policy defines the following terms:

**SECTION V – DEFINITIONS**

* * *

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

9. The policy also includes endorsements providing policy exclusions, providing in relevant part:

**PROFESSIONAL LIABILITY EXCLUSION – HEALTH OR EXERCISE CLUBS OR COMMERCIALLY OPERATED HEALTH OR EXERCISE FACILITIES**

\* \* \*

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** . . . :

This insurance does not apply to "bodily injury" . . . arising out of the rendering of or failure to render any service, treatment, advice or instruction relating to physical fitness, including services or advice in connection with diet, cardiovascular fitness, bodybuilding or physical training programs.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" . . . involved rendering of or failure to render any service, treatment, advice or instruction described above.

\* \* \*

**EXCLUSION – ASSAULT AND BATTERY**

\* \* \*

The following is added as an item to SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGES LIABILITY, 2. Exclusions; . . . and COVERAGE C MEDICAL PAYMENTS, 2. Exclusions:

1. Claims or "suits" to recover damages for "bodily injury" . . . arising from actual or alleged "assault" and/or "battery" and claims or suits for false arrest, false detention or false imprisonment where such false arrest, false detention or false imprisonment is connected to or arises in the sequence of events related to actual or alleged "assault" and/or "battery". We are under no duty to defend or indemnify an insured regardless of the degree of culpability of intent and without regard to:

    a. Whether the acts are alleged to be by or at the instruction of or the direction of the insured . . . or any other person lawfully or otherwise on, at or near premises owned or occupied by the insured; or any other person;

    b. The alleged failure of fault of the insured . . . in the hiring, supervision, retention or control of any person, whether or not an officer, "employee", agent or servant of the insured;

    c.    The alleged failure or fault of the insured . . . to prevent, bar or halt any such conduct.

* * *

3. The following are added as items to SECTION V—DEFINITIONS

    **a.**    "Assault" means the apprehension of harmful or offensive contact between two or more persons by threats through words or deeds.

    **b.**    "Battery" means the harmful or offensive contact between or among two or more persons.

* * *

## VI.    DECLARATORY RELIEF SOUGHT

9. Covington seeks a declaration that it has no duty to defend or indemnify Defendant Eli Rodriguez d/b/a Cinco MMA Elite for the claims and damages asserted in the underlying lawsuit. The terms and conditions of the exclusions quoted above bar coverage for the damages sought by Plaintiff. Accordingly, Covington owes no obligations under its policy to Defendant Eli Rodriguez d/b/a Cinco MMA Elite.

## VII.    PRAYER

THEREFORE, Covington requests that the Court enter a declaratory judgment that Covington has no duty to defend or indemnify Defendant Eli Rodriguez d/b/a Cinco MMA Elite in the underlying lawsuit.

Covington further requests that the Court grant all other and further relief to which it may show itself entitled at law or in equity.

Respectfully submitted,


*/s/ Jo Allison Stasney*_____
J. Richard Harmon
State Bar No. 09020700
Southern District Bar No. 18253
Jo Allison Stasney
State Bar No. 19080280
Southern District Bar No. 19227
THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**COUNSEL FOR COVINGTON SPECIALTY INSURANCE COMPANY**